UNITED STATES of America

v.

**Linda Gaye Garrett JONES.**

No. 1:93–CR–13–1.

United States District Court,
E.D. Texas,
Beaumont Division.

Aug. 7, 1995.

Jonathan MacDonald, Center, TX, for defendant.

Cisselon Nichols, Asst. U.S. Atty., Beaumont, TX, for the government.

## MEMORANDUM ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

JOE J. FISHER, District Judge.

The Court heretofore ordered that these matters be referred to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Court has received and considered the Report of the United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. No objections to the Report of the United States Magistrate Judge were filed by the parties.

Accordingly, the findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. It is therefore

**ORDERED** and **ADJUDGED** that defendant's supervised release is **REVOKED**. It is further

**ORDERED** and **ADJUDGED** that defendant is **SENTENCED** to ten (10) months imprisonment.

## REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE REGARDING SUPERVISED RELEASE

HINES, United States Magistrate Judge.

Pending is a "Petition to Modify Conditions of Supervised Release" filed on January 9, 1995, alleging that defendant Linda Gaye Garrett Jones violated terms of supervised release. The matter was referred to the undersigned for revocation hearing and issuance of a report and recommendation pursuant to General Order 93–5.

### I.  Procedural Background

On April 8, 1993, defendant pleaded guilty to one count of Possession with Intent to Distribute Cocaine Within 1,000 Feet of a Public School, in violation of Title 21 U.S.C. § 860, a Class B felony. Defendant was sentenced to fifteen months imprisonment to be followed by six years supervised release.

On February 28, 1994, defendant completed her term of imprisonment and began service of the term of supervised release, subject to the standard conditions, plus two special conditions including not possessing a firearm or destructive device and participation in any substance abuse program prescribed by the U.S. Probation Office.

### II.  The Petition

On May 3, 1995, the U.S. Probation Office filed an "Amended Petition to Modify Conditions of Supervised Release" contending defendant had violated the following condition of supervised release:

Condition No. 7—[The defendant] shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other

controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.

Specifically, the amended petition alleges that on April 22, 1994, May 10, 1994, May 19, 1994, June 17, 1994, July 8, 1994, July 22, 1994, and November 28, 1994, defendant submitted urine specimens to the Probation Office and these specimens subsequently tested positive for cocaine. The original petition alleged one additional date of a positive specimen (May 17, 1994), and recited July 4, 1994, instead of July 8, 1994, as the amended petition recites.

On May 9, 1995, in open court, defendant waived the preliminary hearing. The court, therefore, deemed probable cause to exist, and a final hearing was conducted the same day, with consent of the parties.

### III. The Revocation Hearing

On May 9, 1995, the undersigned convened a hearing in order to hear evidence and argument as to whether or not defendant's supervised release should be revoked or modified. In open court, defendant pleaded "true" to the allegation that she possessed narcotics unlawfully.

The undersigned therefore finds by a preponderance of the evidence defendant had violated the conditions of her supervised release by possessing narcotics unlawfully.

### IV. Discussion

Under § 7B1.3(f) of the United States Sentencing Commission Guidelines, defendant has committed a "Grade C" violation of her supervised release. Upon a finding of a Grade C violation, the court may (1) revoke probation; or (2) extend or modify the term of probation. United States Sentencing Commission, *Guidelines Manual*, § 7B1.3(a)(1). If the defendant is found to have possessed controlled substances unlawfully, the court shall revoke the term of supervised release. 18 U.S.C. § 3583(g). A term of imprisonment shall be imposed not to exceed the maximum term as authorized by 18 U.S.C. § 3583(e)(3). With a criminal history category of II, and a Grade C violation,

the guideline imprisonment range is four to ten months. U.S.S.G. § 7B1.4(a).

Title 18 U.S.C. § 3553(a) provides that in determining sentence, the court shall consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines that are issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(1) and that are in effect on the date the defendant is sentenced;

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The undersigned carefully has considered each of these factors. Defendant has demonstrated an inability to adhere to conditions placed on her by both the federal and the state court systems. On April 28, 1995, her probation was revoked in San Augustine County, Texas, based on her failure to report and remain in the Restitution Center as ordered by the court. During her period of supervised release, federal authorities have given defendant numerous chances to refrain from illegal drug use, yet she did not avail

herself of the opportunity to avoid revocation of her release. The maximum authorized sentence therefore is appropriate.

### Recommendation

Defendant's supervised release should be revoked, and defendant should be ordered to serve a term of imprisonment of TEN (10) months.

### Objections

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In this case, however, defendant and the Government have waived their right to object to the recommended sentence and to allocution before sentencing. Therefore, there is no need to wait ten (10) days to impose sentence.

SIGNED this 6 day of June, 1995.